Warren Vurl Johnson
215 E 15th Street
Lawrence, KS 66044
(208)-317-1686

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## Warren Vurl Johnson, Plaintiff,

v.

## Early Warning Services, LLC, Defendant.

Case No. 1:26-cv-00441

Judge Edmond E. Chang

---

### PLAINTIFF'S NOTICE REGARDING MANDATORY CONVERSION UNDER FED. R. CIV. P. 12(d)

---

Plaintiff Warren Vurl Johnson provides this Notice to address the fundamental procedural

defects in Defendant's Combined Motion to Dismiss and for Judgment on the Pleadings (Dkt. 22).

## I. DEFENDANT'S RULE 12(c) MOTION IS PROCEDURALLY IMPOSSIBLE

Defendant moves for judgment on the pleadings under Rule 12(c). Under the plain text of

the rule, such a motion is permissible only "after the pleadings are closed." Fed. R. Civ. P. 12(c).

Defendant has not filed an answer. The pleadings are therefore not closed. The motion is premature and should be stricken on this basis alone.

## II. DEFENDANT'S SUBMISSION OF 304 PAGES OF EXTRINSIC EVIDENCE TRIGGERS MANDATORY CONVERSION TO SUMMARY JUDGMENT UNDER RULE 12(d)

Defendant's motion is accompanied by 304 pages of exhibits from separate litigation. (Dkt. 22-1 through 22-8). Under Fed. R. Civ. P. 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." The word "must" is mandatory.

Binding Seventh Circuit precedent confirms that conversion is automatic once the court considers such materials. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("if documents outside of the pleadings are placed before a district court, and not excluded, the court must convert").

Defendant's improper use of judicial notice to bypass Rule 56 fails.

- **The law is clear: Judicial notice reaches the *existence* of a filing, not the *truth* of its contents.** *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) ("courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein").

- **A sworn declaration is not an "indisputable fact."** Defendant relies heavily on the Cheney Declaration (Ex. B) to establish the factual predicate for its defense. But a declaration is simply one party's narrative, subject to cross-examination and rebuttal. *In re Lisse*, 905 F.3d 495, 497 (7th Cir. 2018) (a lawyer's filing "is not evidence of an adjudicative fact").

- **The incorporation-by-reference exception does not apply.** The Seventh Circuit permits consideration of outside documents only if they are referred to in the complaint **and** central to the *plaintiff's* claim. *Albany Bank & Tr. Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971

(7th Cir. 2002). Of Defendant's eight exhibits, only the Settlement Agreement (Ex. H) meets this standard. The remaining seven—including the Cheney Declaration and Arizona pleadings—are central only to *Defendant's defense*. They are extrinsic materials subject to Rule 12(d).

Of Defendant's eight exhibits, seven — including Defendant's own First Action complaint, Defendant's preliminary injunction declaration, Defendant's Second Action motion to dismiss, Plaintiff's counterclaim filings, the Arizona dismissal order, and the Employment Agreement — are never referenced in Plaintiff's complaint and are central only to Defendant's affirmative defenses. No exhibit in that category qualifies for the incorporation exception, which is document-specific and claim-specific. Each of those seven documents exists in this motion for one purpose: to establish the factual predicate for defenses Defendant cannot yet assert without discovery.

## III. DEFENDANT'S EXTRINSIC MATERIALS ARE NOT "INDISPUTABLE"—THEY ARE CONTRADICTED BY DEFENDANT'S OWN ADMISSIONS AND EXTERNAL EVIDENCE

1. Defendant requests that the Court take judicial notice of the Cheney Declaration (Dkt. 22-2) and treat its factual assertions as established fact.

2. Judicial notice is improper where factual assertions are "disputable and usually are disputed". Here, the assertions are directly contradicted by objective evidence:

   - **Objective Third-Party Evidence:** Plaintiff possesses a letter from the **General Counsel of Mesa Public Schools (**Ex. A**)** that directly contradicts material assertions in the Cheney Declaration and the opening paragraph of Defendant's Arizona Complaint .

   - **Contemporaneous Documentary Evidence:** Plaintiff possesses a timestamped email dated **September 9, 2014**—his second day of employment—showing him sending the pre-existing "Tools" to his EWS account (Ex. B) .

3. These documents establish that the "Tools" were created years prior to Plaintiff's employment and are his pre-existing personal property.

4. Because these objective materials create "sharply disputed" scenarios regarding ownership and trade secrecy, judicial notice is forbidden.

5. Under Fed. R. Civ. P. 12(d), the Court must either exclude Defendant's extrinsic materials or convert the motion to one for summary judgment and afford Plaintiff a full opportunity to conduct discovery.

## IV. DEFENDANT FAILED TO COMPLY WITH LOCAL RULE 37.2 AND THIS COURT'S STANDING ORDER

On February 12, 2026, Defendant's counsel sent a conferral email stating only an intent to file a "motion to dismiss." (Ex. C). It did not disclose the intent to move for judgment on the pleadings under Rule 12(c), nor did it disclose the intent to attach 304 pages of extrinsic material. This failure to meaningfully confer violates this **Court's standing order and Local Rule 37.2**.

Plaintiff notified Defendant of this filing and the defects identified herein. Defendant maintains its position and declined to withdraw or cure its motion.

## V. CONCLUSION AND REQUESTED RELIEF

Defendant has filed a procedurally impossible motion, supported by 304 pages of disputed extrinsic evidence, while simultaneously taking factual positions that contradict its own prior representations to another federal court. The rules provide a clear remedy.

Plaintiff respectfully requests that the Court:

1. **Strike** Defendant's Rule 12(c) motion as premature, as the pleadings are not closed;

2. **Exclude** Defendant's extrinsic exhibits (Dkt. 22-1 through 22-8) as matters outside the pleadings improperly submitted under a misapplication of the judicial notice doctrine;

3. In the alternative, **convert** Dkt. 22 to a motion for summary judgment under Rule 12(d), afford Plaintiff a full opportunity to respond, and permit Plaintiff to conduct targeted discovery under Rule 56(d); and

4. Grant such other relief as the Court deems just and proper

Respectfully submitted,

Dated: February 23, 2026

**/s/Warren V. Johnson**

**Warren Vurl Johnson**

Pro Se Plaintiff
215 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com

## CERTIFICATE OF SERVICE

I, Warren V. Johnson, hereby certify that on February 23, 2026, I electronically filed the foregoing **Plaintiff's Notice Regarding Mandatory Conversion under Fed. R. Civ. P. 12(d)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

Dated: February 23, 2026

_/s/ Warren V. Johnson_
**Warren Vurl Johnson** _Pro Se Plaintiff_
215 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com